IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA,

v.                                                                    Criminal Action No. 3:15cr56

ANTON DEVONTA BOOTH,

   Defendant.

MEMORANDUM OPINION

This matter comes before the Court on Defendant Anton Devonta Booth's Motion for Compassionate Release pursuant to Section 603(b) of the First Step Act (the "Motion"). (ECF No. 37.) The United States responded in opposition, (the "Opposition"). (ECF No. 39.) Booth did not reply and the time to do so has expired. The matter is ripe for disposition. The Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not aid the decisional process. For the reasons that follow, the Court will deny the Motion.

I.  Background

On April 28, 2016, Booth pled guilty pursuant to a written plea agreement to "possession of a firearm by a previously convicted felon in violation of Title 18, United States Code, Section 922(g)(1)." (Plea Agreement 1, ECF No. 15.) The Plea Agreement and the Statement of Facts describe the conduct underlying Booth's offense. On January 20, 2015, a rifle was stolen from "D.C.'s" pickup truck in Henrico, Virginia, around 2:00 a.m. (Statement of Facts ¶ 1, ECF No. 16.) On a later date, agents interviewed "O.B.J.," who told the officers he had seen Booth in possession of a rifle like the one reported stolen. (*Id.* ¶ 2.) Knowing that Booth was a convicted felon, O.B.J. had taken the rifle from Booth. (*Id.*) On March 25, 2015, O.B.J. turned the gun

over to law enforcement, who determined that it was the firearm stolen from D.C. in January. (*Id.* ¶ 3.) At all relevant times, Booth "had reason to know" that the rifle was stolen. (*Id.* ¶ 4.)

Pursuant to the Sentencing Guidelines, Booth's offense level of 13 and criminal history category IV suggested a sentence between 24 and 30 months' imprisonment and at least one year of supervised release. (Presentence Report "PSR" ¶¶ 67–68; ECF No. 32.) In 2016, prior to sentencing, the Presentence Report provided information on Booth's physical condition, recognizing that he suffered from "asthma as a child, but has since outgrown it." (PSR ¶ 52.)

On July 28, 2016, this Court sentenced Booth to twenty-seven months' imprisonment, with fifteen months to be served concurrently and twelve months served consecutively to the state sentence Booth was serving, and three years of supervised release. (J. 2, ECF No. 25.) Booth is currently housed at Danbury FCI.[1] The Bureau of Prisons ("BOP") states that Booth will be released on March 8, 2021. *See* Bureau of Prisons, *Fed. Inmate Locator*, https://www.bop.gov/inmateloc/.

On June 17, 2020, Booth filed a *pro se* Motion for Compassionate Release.[2] (ECF No. 30.) In the Motion, Booth describes the health challenges his family faces. (*Id.*) Counsel also filed a Motion for Compassionate Release on Booth's behalf. (Mot., ECF No. 37.) Counsel avers that Booth, currently twenty-eight-years old, "does not suffer from underlying conditions recognized by the [Centers for Disease Control and Prevention] as increasing the risk of severe

---

[1] The Bureau of Prisons currently reports eighty-six COVID-19 cases at Danbury FCI. *See* Bureau of Prisons, *COVID-19*, https://www.bop.gov/coronavirus/.

[2] When Booth filed his *pro se* Motion for Compassionate Release, he was not yet in BOP custody, though his federal sentence started running concurrently to his state sentence on April 10, 2019. (Probation Recommendation 1, ECF No. 38.) As a result, Booth did not have the opportunity to request compassionate release from the BOP. Booth has since been transferred to Danbury FCI and the Court now considers his request for compassionate release.

illness or death from COVID-19, [but] the fact remains that COVID-19 is an extremely dangerous and contagious virus that can even cause serious harm to otherwise young and health individuals." (Mot. 1–2.) The United States opposes his request for compassionate release. (*See* ECF No. 39.)

## II. Legal Standard:  Compassionate Release Under the First Step Act of 2018

In 2018, Congress enacted the First Step Act to provide incarcerated individuals the opportunity to directly petition the courts for compassionate release under 18 U.S.C. § 3582(c)(1)(A).[3] Prior to the First Step Act in 2018, the BOP had the sole authority to petition the court for sentence modifications on compassionate release grounds. *Coleman v. United States*, No. 4:17-cr-69, 2020 WL 3039123, at *1 (E.D. Va. June 4, 2020).  Following enactment of the First Step Act, criminal defendants may petition courts on their own initiative to modify their sentences if "extraordinary and compelling reasons warrant such a reduction." *Id.* (quoting 18 U.S.C. § 3582(c)(1)(A)(i)).  Before granting a reduction, courts must consider the factors set forth in 18 U.S.C. § 3553(a), *see* 18 U.S.C. § 3582(c)(1)(A), and evidence of rehabilitation and

---

[3] Section 3582(c)(1)(A) states:

> The court may not modify a term of imprisonment once it has been imposed except that—(1) in any case—(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that—
>
> > (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

3

other post-conviction conduct. *See United States v. Martin*, 916 F.3d 389, 397–98 (4th Cir. 2019) (requiring consideration of post-conviction evidence and statutory sentencing factors in the context of a sentence reduction sought pursuant to § 3582(c)(2)).

### A.     **Exhaustion of Administrative Remedies**

Although the Court generally cannot "modify a term of imprisonment once it has been imposed," the defendant may bring a motion to modify his or her sentence "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). "Accordingly, a petitioner seeking compassionate release is generally required to exhaust his or her administrative remedies prior to bringing a motion before the district court." *Casey v. United States*, No. 4:18-cr-4, 2020 WL 2297184, at *1 (E.D. Va. May 6, 2020).

The court may waive the exhaustion requirement, however, in certain circumstances. *United States v. Jones*, No. 3:11-cr-249, ECF No. 47, at *2–3 (E.D. Va. Apr. 3, 2020) (Lauck, J.) Courts may waive exhaustion if: "pursuing an administrative remedy would be futile[,]" "'exhaustion via the agency review process would result in inadequate relief[,]' or 'pursuit of agency review would subject the petitioner to undue prejudice.'" *United States v. Robinson*, No. 3:10cr261, 2020 WL 4041436, at *3 (E.D. Va. July 17, 2020) (Lauck, J.) (quoting *Poulios v. United States*, No. 2:09-cr-109, 2020 WL 1922775, at *1 (E.D. Va. Apr. 21, 2020) (Jackson, J.)).

Throughout the country, courts have found the coronavirus pandemic, combined with a vulnerable defendant with underlying health conditions, implicates all three exceptions justifying a waiver of the exhaustion requirement. *See United States v. Zukerman*, 451 F. Supp. 3d 329, 332–33 (S.D.N.Y. 2020) (holding that defendant's elderly age and serious health conditions

warrant a waiver of exhaustion requirements because of the ongoing risk of infection while incarcerated); *United States v. Perez*, 451 F. Supp. 3d 288, 293 (S.D.N.Y. 2020) (waiving the exhaustion requirement because exhaustion would be futile as defendant would not see thirty days lapse before his release date).

### B. Courts Must Find Extraordinary and Compelling Reasons Justifying Compassionate Release

As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) authorizes courts to modify terms of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a) if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). The United States Sentencing Commission further defines "extraordinary and compelling reasons."[4] U.S.S.G. § 1B1.13, n.1; *see United States v. Kalivretenos*, No. 1:15-cr-00073, ECF No. 109, at *4 (E.D. Va. May 21, 2020). The Sentencing Commission identifies four instructive categories of extraordinary and compelling reasons that allow for a sentence to be modified: the petitioner's medical condition, age, family circumstances, and other reasons. U.S.S.G. § 1B1.13, n.1 (A)–(D).[5] However, a petitioner's rehabilitation alone does not provide sufficient grounds to warrant a sentence modification. 28 U.S.C. § 994(t).

---

[4] The United States Court of Appeals for the Fourth Circuit recently explained in an unpublished decision that "[t]he Sentencing Commission's policy statements . . . control the disposition of [compassionate release motions], and not the BOP program statements, based on Congress' statutory directives." *United States v. Taylor*, No. 20-6575, 2020 WL 5412762, at *1 (4th Cir. Sept. 9, 2020) (citing 18 U.S.C. § 3582(c)(1)(A); 28 U.S.C. § 994(t)).

[5] The United States Sentencing Guideline § 1B1.13 provides that:

Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
　　(1) (A) extraordinary and compelling reasons warrant the reduction; or

As a result of the coronavirus outbreak, "courts have found extraordinary and compelling reasons for compassionate release when an inmate shows both a particularized susceptibility to the disease and a particularized risk of contracting the disease at his prison facility." *United States v. Feiling*, No. 3:19-cr-112, 2020 WL 1821457, at *7 (E.D. Va. Apr. 10, 2020) (citing *United States v. Dungee*, No. 7:15-cr-0005, 2020 WL 1666470, at *2 (W.D. Va. Apr. 4, 2020); *United States v. Edwards*, 6:17-cr-0003, 2020 WL 1650406, at *5 (W.D. Va. Apr. 2, 2020)). Several courts have held that "the fear of contracting a communicable disease" alone cannot be considered an "extraordinary and compelling reason" to justify a sentence modification. *Id.* (citing *United States v. Clark*, No. 17-85-SDD-RLB, 2020 WL 1557397, at *4 (M.D. La. Apr. 1, 2020) (internal quotation marks and emphasis omitted)).

### C. Courts Must Weigh the Statutory Sentencing Factors Before Granting Compassionate Release

Even after finding a sufficient "extraordinary and compelling reason" for compassionate release, the Court must then consider the § 3553(a) factors and any relevant postconviction conduct before modifying a defendant's sentence. 18 U.S.C. § 3582(c)(1)(A). The Court must weigh factors including "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). The Court also must consider "the need for the sentence imposed to promote respect for the law . . . ; to afford adequate deterrence to criminal conduct; . . . [and] to protect the public from further crimes of the defendant."

---

(B) the defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;
(2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
    (3) the reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13.

18 U.S.C. § 3553(a)(2).  The statutory sentencing factors direct the Court to consider the kinds of sentences available and the sentencing range established for the offense.  18 U.S.C. § 3553(a)(4).

The Guidelines policy statement concerning compassionate release further instructs Courts to consider the 18 U.S.C. § 3142(g) factors.  U.S.S.G. § 1B1.13.  These include "the nature and circumstances of the offense charged . . . ; the history and characteristics of the person . . . ; [and,] the nature and seriousness of the danger to any person or the community that would be posed by the person's release."  18 U.S.C. § 3142(g).

### III.  Analysis

After due consideration, the Court will deny the Motion.  The Court first determines that Booth has not sufficiently exhausted his administrative remedies, given that he did not enter federal custody until after his Motion became ripe.  The record gives no indication that the BOP has had the opportunity to consider his request, and Counsel for Booth did not rebut the United States' argument that Booth "petitions this Court for relief without demonstrating a sufficient attempt at exhaustion."  (Opp'n 19, ECF No. 39.)  Booth therefore did not "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the [Booth's] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  *See* 18 U.S.C. § 3582(c)(1)(A).

In any event, the Court finds that Booth does not establish extraordinary and compelling reasons sufficient to justify compassionate release.  In his *pro se* Motion, Booth asserts that while in prison he has "reformed [himself] mentally and found [himself] spiritually."  (ECF No. 30.)  While Booth describes the health challenges his family faces, he does not indicate that he has any health conditions that make him eligible for compassionate release consideration, (Mot. 1–2), nor did he attach any state or federal medical records to his Motion.

Finally, the Court considers the statutory sentencing factors and the Guidelines policy statement. After reviewing the relevant statutory sentencing factors and the policy statement, the Court finds additional grounds on which to deny the Motion. Pursuant to U.S.S.G. § 1B1.13, the Court must consider whether extraordinary and compelling reasons warrant the reduction, whether the defendant is a danger to the safety of any other person or to the community as provided in § 3142(g), and whether the reduction is consistent with the policy statement. Upon review, Booth's criminal history and underlying conviction demonstrate that he presents a threat to the public due to his disregard for the law and that conditions of release will not assure the safety of the community.

As to his underlying conviction, Booth possessed a Tika T3 Lite rifle with scope that had been stolen from a Chevy Silverado. Those are dangerous circumstances. Looking to the § 3142(g) factors, Booth's repeated offenses reflect that he presents a danger both to himself and the community. At the time Booth committed the underlying offense, he was twenty-four-years old and had several prior convictions for larceny with intent to sell and grand larceny. (PSR ¶¶ 30–34.) The nature and circumstances of Booth's offense weigh against granting him compassionate release.

Turning to the § 3553(a) factors, Booth's criminal history suggests that the Court should consider public safety and whether his sentence promotes respect for the law. At this juncture, the record does not support granting compassionate release. Specifically, Booth does not address whether, in his four years of incarceration, he has engaged in post-offense rehabilitation or

completed educational classes in state or federal prison.[6]  In sum, the Court concludes that the record before it does not justify Booth's early release from federal imprisonment.

### IV.  Conclusion

For the reasons explained above, the Court will deny the Motion.  (ECF No. 37.)  The Court will also deny Booth's *pro se* Motion for Compassionate Release.  (ECF No. 30.)

/s/
M. Hannah Lauck
United States District Judge

Date: October 29, 2020
Richmond, Virginia

---

[6] In *United States v. Martin*, 916 F.3d 389, 398 (4th Cir. 2019), the Fourth Circuit vacated and remanded the District Court's denial of both defendants' motions to reduce sentence because the District Court failed to address any new mitigating evidence when denying the motions.  916 F.3d 397–98.  The Fourth Circuit explained that if an individual is eligible for a sentence reduction, the District Court must give weight to the person's "past transgressions" as well as "the multitude of redemptive measures that [the person] has taken."  *See id.* at 397.  Booth makes no such arguments as to rehabilitation here.